# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 2385 | **DATE** | 7/16/2013 |
| **CASE TITLE** | *Brown v. UAL Corporation* | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the Court affirms the bankruptcy court's order denying Brown's motion to reopen UAL Corporation's bankruptcy proceeding. Civil case terminated.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

  Jeffrey Glen Brown appeals the bankruptcy court's denial of his motion to reopen UAL Corporation's ("United") Chapter 11 bankruptcy proceedings. For the reasons stated below, the bankruptcy court's order denying the motion to reopen is affirmed.

  The Court briefly outlines the facts here. Brown worked as a flight attendant for United Airlines from 1991 until he was terminated in May 2001. (United's Add. Items Appeal, 12/18/03 Sys. Bd. Op. & Order, Ex. 9, at 8-9.) As a member of the Association of Flight Attendants, Brown filed a series of grievances for warnings and suspensions he received related to numerous absences from work. (*Id*. at 8.) The grievances were heard over a period of several days in 2003 by the United Airlines Flight Attendant System Board of Adjustment ("Board"). (*Id*.) The Board issued a written order in December 2003 denying many of Brown's grievances. (*Id*. at 2-4.) With respect to his termination, however, the Board concluded that due to mental health issues, he could return to work if he met certain conditions, including an examination by a physician. (*Id*. at 60-61.) Because Brown left the physical examination before it could be completed, he was again terminated and the Board concluded in a written opinion dated March 21, 2005 that United had cause to terminate Brown based on his failure to comply with the conditions in the December 2003 decision. (*Id.*, 3/21/05 Sys. Bd. Op. & Order, Ex. 10, at 15.)

  In the meantime, United filed for Chapter 11 bankruptcy on December 9, 2002. On May 6, 2003, Brown filed a proof of claim related to the then-pending grievance challenging his termination. (*Id.*, Proof of Claim, Ex. 22.) Later, on March 15, 2004, Brown filed a complaint in the Superior Court of California alleging disability and sexual orientation discrimination. (*Id*., Compl*., Brown v. United Airlines, Inc*. (No. BC312100, Cal. Sup. Ct.), Ex. 3.) United removed the case to federal court and then moved to transfer the case to the Northern District of Illinois as related to the bankruptcy proceedings. (*Id*., Exs. 18, 19.) At approximately the same time, Brown sought to modify the automatic stay in the bankruptcy proceeding so

**STATEMENT**

that he could pursue his litigation against United. (*Id.*, Ex. 3.) The bankruptcy court denied the request with respect to his discrimination claims but allowed him to continue with the pending grievance proceedings. (*Id.*, Ex. 11, at 6.)

On January 17, 2006, the United States Bankruptcy Court for the Central District of California entered an order transferring venue of Brown's claims to the Northern District of Illinois. (*Id.*, Ex. 21.) On April 18, 2006, the district court granted United's motion to confirm the automatic referral of the adversary proceeding to the bankruptcy court. (*Id.*, Ex. 17.)[1]

The bankruptcy court's Order Confirming Debtors' Second Amended Joint Plan of Reorganization Pursuant to Chapter 11 includes a provision that "all proofs of claim filed by Union-represented employees pertaining to rights collectively bargained for or disposed of pursuant to the Collective Bargaining Agreements" were deemed "withdrawn, disallowed, and forever barred." (*Id.*, Ex. 6, at 94.) A Final Decree closing United's bankruptcy was entered on December 8, 2009. (*Id.*, Ex. 7.)

On January 21, 2013, Brown moved the bankruptcy court to reopen the bankruptcy to pursue his adversary proceeding, which apparently experienced administrative problems. Specifically, when the district court granted the motion confirming the automatic referral of Brown's discrimination case to the bankruptcy court in April 2006, the electronic docket reflects that the case was remanded to the bankruptcy court in Los Angeles and not the Northern District of Illinois, as it should have been. (*Brown v. United Airlines*, No. 06 C 745 (N.D. Ill.), Dkt. # 21.) Both Brown and United note in their briefs that Brown's adversary proceeding was not properly docketed in the United States Bankruptcy Court for the Northern District of Illinois. (Pl.'s Opening Br., Dkt. # 7, at 8; Pl.'s Reply, Dkt. # 11, at 4; United's Add. Items Appeal, Ex. 8, ¶ 11.)

Apparently, however, Brown never followed up to ensure that his case was properly transferred or made any effort to prosecute the adversary proceeding. As the bankruptcy court stated in the hearing on the motion to reopen, "If the matter sat for six years, it's because the person who was seeking relief took no action to obtain that relief. . . . The matter has simply been abandoned, effectively." (*Id.*, 2/26/13 Hr'g Tr., Ex. 16, Dkt. # 2-5, at 3, 4.) The court stated that it found the matter to be "completely untimely," and concluded that "because of th[e] effective abandonment, reopening the case at this point would not be appropriate." (*Id.* at 4.)

This Court reviews the bankruptcy court's denial for an abuse of discretion. *Redmond v. Fifth Third Bank*, 624 F.3d 793, 798 (7th Cir. 2010). "The passage of time weighs heavily against reopening" and "[t]he longer a party waits to file a motion to reopen a closed bankruptcy case, the more compelling the reason to reopen must be." *Id.* "In assessing whether a motion is timely, courts may consider the lack of diligence of the party seeking to reopen and the prejudice to the nonmoving party." *Id.*

As noted by the district court, Brown let his adversary proceeding languish in apparent limbo and did nothing to ensure that it was moving forward. Brown attaches an affidavit from an attorney who stated she contacted United's counsel on behalf of Brown in April 2010 to determine the status of his "various claims against United." (Humphrey Aff., Dkt. # 11, at 13-14.) She was told that a check for "between 4% and 8% of the amounts claimed had been mailed to him care of his former counsel in California," and related the information to Brown. (*Id.* at 13.) But Brown does not appear to have taken any action upon receiving this information and waited another almost three years before moving to open the closed bankruptcy proceeding. Brown's attempt to deflect responsibility by placing blame on the apparent clerical error in transferring his case is unpersuasive. Nor is his assertion that he could not afford a lawyer compelling; even pro se plaintiffs have responsibility for monitoring their cases. Brown's adversary proceeding was remanded to the

**STATEMENT**

bankruptcy court in April 2006, he did nothing to prosecute the case and now, six years later, seeks relief. Brown's lack of diligence and the prejudice to United in reopening a massive bankruptcy proceeding long closed are apparent. The bankruptcy court's ruling is affirmed. Civil case terminated.

1. Brown also filed two actions against United in Arizona in 2007, which were dismissed at the outset and service on United was never effectuated. (United's Add. Items Appeal, Ex. 15.)